UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| MICHAEL GIANGIULIO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:10-CV-117-TLS |
| ROY DOMINGUEZ, individually and in his official capacity as Sheriff of Lake County, Indiana, *et al.*, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [ECF No. 23], filed by the Defendants on February 4, 2011. The Defendants have moved for this case to be dismissed pursuant to Federal Rule of Civil Procedure 41(b) because the Plaintiff has failed to prosecute the matter.

On March 11, 2010, the Plaintiff initiated this lawsuit. According to the Complaint, at the time of the incident on October 13, 2009, the Plaintiff was a second-year law student at Indiana University School of Law. The Plaintiff was represented by counsel at the outset of this case.

On July 9, 2010, the Court issued an Order [ECF No. 19] granting the Amended Unopposed Motion for Leave to Withdraw as Plaintiff's Counsel [ECF No. 18]. The Motion filed by counsel for the Plaintiff stated that irreconcilable differences had arisen between the Plaintiff and counsel over how best to litigate the Plaintiff's claims and that counsel could no longer effectively represent the Plaintiff. Notice of this withdrawal was provided to the Plaintiff. The Court found the Motion to be in compliance with Local Rule 83.8 and ordered the appearances of counsel for the Plaintiff withdrawn.

The Court set this matter for an in-person status conference for September 2, 2010, to

inquire regarding whether the Plaintiff would proceed pro se in this matter or with new counsel. On September 2, the Defendants appeared by counsel at the status conference, but the Plaintiff failed to appear. The Court attempted to contact the Plaintiff by telephone, but these attempts failed. The Plaintiff did not contact the Court, as the Court had directed in a voice mail message left for the Plaintiff.

On September 3, the Court set this matter for an in-person status conference on September 16, 2010, and ordered the Plaintiff to appear in person. The Court's Order [ECF No. 20] directed that "[f]ailure by Plaintiff to appear in[ ]person at this status conference may result in adverse legal consequences." The Order was sent to the Plaintiff by both first class mail and certified mail. On September 16, the Defendants appeared by counsel, but the Plaintiff again failed to appear in person for the status conference as the Court had ordered. Again the Court attempted to contact the Plaintiff by telephone, but without success. The Court noted that the Plaintiff had contacted the Court in advance of the September 16 proceeding and advised that he would be present, and thus it is apparent that the Plaintiff had notice of the scheduled conference. At the September 16 status conference, the Defendants made an oral motion for dismissal of the case with prejudice as a sanction for the Plaintiff's failure to appear for the last two status conferences, but the Court directed the Defendants to file a written motion. On September 28, the copy of the Order setting the September 16 status conference that the Court had sent by certified mail was returned as unclaimed.

On February 4, 2011, the Defendants filed the pending Motion to Dismiss [ECF No. 23]. In their Motion, the Defendants state that since the Plaintiff filed his Complaint and his counsel withdrew their appearances, the Plaintiff has failed to take any action in this case, has had no

2

contact with counsel for the Defendants, and has twice failed to comply with Court orders to appear for in-person conferences. The Motion explicitly references Rule 41(b) and quotes the language of the rule. The Plaintiff has not responded to or otherwise opposed the pending Motion.

On February 22, this Court took the pending Motion under advisement and ordered the Plaintiff to respond to the Defendants' Motion to Dismiss on or before March 9. The Court's Order stated that if the Plaintiff fails to respond by the March 9 deadline, the Court would deem the Plaintiff to have abandoned this action and dismiss it with prejudice and without further notice. The Court directed the Clerk to send the Order by blind, certified, and regular mail. The Plaintiff signed the certified mail receipt on February 24. As of the date of this Opinion and Order, the Plaintiff has not respond to the Defendants' Motion to Dismiss.

Rule 41(b) provides for dismissal of a plaintiff's case for failure to prosecute or to comply with the federal rules or any court order. The Seventh Circuit has provided the following summary of the factors that are relevant to the decision whether to dismiss a suit under Rule 41(b):

> [F]requency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel and therefore the appropriateness of sanctioning the plaintiff's lawyer rather than the plaintiff, the effect of the failures in taxing the judge's time and disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiff's dilatory conduct, the probable merits of the suit, and (what is closely related) the consequences of dismissal for the social objectives of the type of litigation that the suit represents. There is no "grace period" before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed.

*Ball v. City of Chi.*, 2 F.3d 752, 759–60 (7th Cir. 1993); *see also Bolt v. Loy*, 227 F.3d 854, 856

(7th Cir. 2000) (holding that ordinary misconduct, as opposed to "egregious misconduct," can be punished by dismissal only after a warning and after the judge determines that dismissal is an appropriate sanction upon considering the possible merit of the underlying suit, the gravity of the misconduct, and the prejudice to the defendant). Although the Seventh Circuit has articulated a requirement that a plaintiff be given "due warning" "before dismissing a suit for want of prosecution in most cases," *Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (per curiam), the Seventh Circuit has more recently instructed that this is a guideline, not a rigid rule, and that providing a warning to litigants before dismissing a case is within the discretion of the district court, *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006). The Seventh Circuit added: "The purpose of requiring a warning is not to entrap district judges but to make sure that the plaintiff is warned. The warning need not . . . always come from the judge." *Id.* at 666 (observing that the defendant had requested dismissal by motion and that the district judge had given no warning).

As of the date of this Opinion and Order, no new counsel has filed an appearance on behalf of the Plaintiff, and the Plaintiff appears not to have taken any action in this case since his counsel withdrew more than eight months ago. The Plaintiff has failed to prosecute his case at least in the following respects: he has failed to appear at two Court-ordered status conferences, to contact the Court to explain his failure to appear, and to respond to the pending Motion to Dismiss. Several deadlines have now passed in this case, including: the Plaintiff's expert witness disclosures and reports deadline; the discovery deadline; and the expert discovery deadline. The Plaintiff's failure to participate in discovery prejudices the Defendants and their efforts to file dispositive motions or prepare for trial. The Plaintiff's failure to appear at Court-ordered status

conferences disrupts the Court's calendar to the prejudice of other litigants. The Court's September 3, 2010, Order, warned the Plaintiff that his failure "to appear in[ ]person at [the September 16, 2010,] status conference may result in adverse legal consequences" (ECF No. 20), and the Defendants filed and served a Motion to Dismiss. In its February 4, 2011, Order, the Court gave the Plaintiff another explicit warning that his failure to respond to the Defendants' Motion would result in the Court dismissing his case with prejudice for want of prosecution pursuant to Rule 41(b).

For the foregoing reasons, the Court GRANTS the Defendants' Motion to Dismiss [ECF No. 23] and ORDERS this case DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED on March 15, 2011.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT
                                            FORT WAYNE DIVISION